NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD CORNELIUS JACKSON,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2025-1614

---

Petition for review of the Merit Systems Protection Board in No. CH-3330-23-0216-I-1.

---

Decided: November 13, 2025

---

RICHARD CORNELIUS JACKSON, Bellwood, IL, pro se.

AN HOANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, TARANTO, *Circuit Judge*, and CHUN, *District Judge*.[1]

PER CURIAM.

Richard Jackson appeals a Merit Systems Protection Board (Board) decision denying his request for corrective action under the Veterans Employment Opportunities Act (VEOA) because his underlying complaint filed with the Department of Labor (DOL) was untimely and not subject to equitable tolling. We *affirm*.

## BACKGROUND

Mr. Jackson, a former Immigration Services Officer with the Department of Homeland Security (DHS), alleges DHS violated the VEOA by rejecting him as a preference-eligible veteran for ten jobs he applied to over a two-year span. S. Appx. 11.[2] Mr. Jackson claims he first became aware DHS may have violated his veterans' preference rights in July 2022, the same month he filed Freedom of Information Act (FOIA) requests seeking information about DHS' hiring process for jobs he had applied to. *Id.*; *see* S. Appx. 29.

On July 25, 2022, three months after submitting his most recent DHS job application, Mr. Jackson filed his first VEOA complaint with DOL. S. Appx. 19, 29. He withdrew it three days later. S. Appx. 19, 30. Then, in February 2023, Mr. Jackson filed a second, substantively identical complaint, which DOL rejected as untimely. *Id.* at 11, 19. Mr. Jackson appealed to the Board, which affirmed DOL's rejection and held Mr. Jackson (1) failed to file his second

---

[1]    Honorable John H. Chun, District Judge, United States District Court for the Western District of Washington, sitting by designation.

[2]    "S. Appx." refers to the supplemental appendix attached to Respondent's brief.

complaint within the 60-day statutory period after becoming aware of the possible VEOA violation, and (2) did not establish that equitable tolling excused his untimely filing. S. Appx. 10–28 (initial decision); S. Appx. 1–9 (final decision affirming and adopting initial decision). Mr. Jackson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Equitable tolling is a "rare remedy" reserved for unusual circumstances. *Wallace v. Kato*, 549 U.S. 384, 396 (2007). It applies only if the litigant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented untimely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). We review the Board's fact findings underlying its equitable tolling determination for substantial evidence. *See McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022). Application of the equitable tolling standard to undisputed facts is a legal question we review de novo. *See Former Emps. of Sonoco Prods. Co. v. Chao*, 372 F.3d 1291, 1295 (Fed. Cir. 2004).

On appeal, Mr. Jackson challenges the Board's holding that equitable tolling does not apply. Petitioner's Br. 15–16. He argues equitable tolling should apply because DHS deceived him when it removed his veterans' preference forms and disability letters from his job applications. *Id.* at 13–14, 16. Doing so allegedly harmed Mr. Jackson's employment prospects by preventing him from claiming veterans' preference during DHS' hiring process. *Id.* Mr. Jackson submitted FOIA requests seeking information

he contends would have proven DHS deceitfully removed his veterans' preference materials from his applications. *Id.* But according to Mr. Jackson, DHS has yet to respond to his FOIA requests, allegedly in order to conceal its deception. *Id.* Mr. Jackson argues the Board erred by failing to address his theory of deception fully; had the Board done so, it would have determined DHS' deceptive alterations triggered equitable tolling, making his February 2023 complaint timely. *Id.* at 16.

The Board found Mr. Jackson timely filed his first complaint, voluntarily withdrew it, then filed a second, substantively identical complaint after the statutory deadline. S. Appx. 19. The Board then found Mr. Jackson's voluntary withdrawal, followed by inactivity until his refiling, showed a lack of reasonable diligence as to his second complaint. S. Appx. 19–20. Mr. Jackson does not dispute the underlying facts. *See* Petitioner's Br. 15–16. Nor does he dispute the Board's articulation of the equitable tolling standard set forth by the Supreme Court in *Pace*. *Id.*; 544 U.S. at 418. There, the petitioner argued equitable tolling should apply despite his lack of reasonable diligence because extraordinary circumstances stood in his way. 544 U.S. at 418. The Court rejected that argument, even assuming circumstances outside the petitioner's control created a "trap," because reasonable diligence is a necessary condition for equitable tolling. *Id.* Applying the *Pace* standard, the Board determined Mr. Jackson's lack of reasonable diligence likewise acted as an absolute bar to equitable tolling for his second complaint. S. Appx. 19–20. Because we see no error in the Board's application of the equitable tolling standard to the undisputed facts, we conclude Mr. Jackson is not entitled to equitable tolling.

Despite the absolute bar, the Board reached the merits of Mr. Jackson's deception-based theory in the alternative, finding "there [was] no indication that the evidence was previously unavailable because the agency improperly concealed it." S. Appx. 20 (internal quotation marks and

citations removed). We need not address that issue because Mr. Jackson's deception-based allegations speak to equitable tolling's second prong; they cannot redeem his lack of reasonable diligence, even if true. 544 U.S. at 418.

Mr. Jackson raises additional arguments, each of which relate to the underlying merits of his VEOA claim, not the timeliness of his filing. Specifically, he argues that: (1) the Board violated its discovery regulations by preventing him from submitting an interlocutory appeal, Petitioner's Br. 16; (2) DHS wrongly denied a preference veteran the right to compete by altering his job applications, *id.* at 17; (3) the Board legally erred by failing to establish jurisdiction, *id.*; (4) DHS violated his rights under the VEOA by manipulating the selection process, *id.* at 17–18; (5) the Board abused its discretion in ruling on his motions to compel and to sanction in the initial decision, *id.* at 18; and (6) the Board abused its discretion by denying his motion to submit additional pleadings, *id.* at 19–21. Because he did not meet the filing deadline under 5 U.S.C. § 3330a(a)(2)(A) and failed to establish that equitable tolling applies, we do not reach these arguments. *See Pinat v. Off. of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir. 1991).

CONCLUSION

For the foregoing reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.